**TONG LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–0819–AG.**

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

Peter Lobel, New York, NY, for Petitioner.

James R. Dedrick, United States Attorney, Eastern District of Tennessee; Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondent.

Present ROSEMARY S. POOLER, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is

VACATED, and the case REMANDED for further proceedings consistent with this decision.

Petitioner Tong Lin, a native and citizen of the People's Republic of China, seeks review of a January 26, 2006 order of the BIA affirming the May 27, 2004 decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Tong Lin*, No. A 95 838 071 (B.I.A. Jan. 26, 2006), *aff'g* No. A 95 83 8 071 (Immig. Ct. N.Y. City May 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While courts retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review constitutional claims and questions of law, Lin does not raise a valid due process claim. The IJ provided Lin's counsel full opportunity to question Lin regarding the issue of his date of entry and submit evidence opposing the government's motion to pretermit the asylum claim. Lin has not established that the IJ's hearing did not comport with due process. In essence, Lin is challenging the IJ's factual finding that his application was not filed within the one-year window. Although Lin's written asylum applications and affidavit indicate he entered in January 2002 and his reference to January 2001 may have simply been a mistake, particularly in light of his response to the only follow-up question asked on this topic, we lack jurisdiction to review the IJ's factual determinations on this issue. *See* 8 U.S.C. § 1158(a)(3); *Joaquin–Porras v. Gonzales*, 435 F.3d 172, 177–80 (2d Cir.2006).

Section 1158(a)(3) applies only to asylum requests, however, and does not divest this Court of jurisdiction under Section 1252(a) to review final orders of removal which deny other relief, such as withholding of removal. *Joaquin–Porras*, 435 F.3d at 180–81. The Court may therefore review Lin's remaining claims on the merits.

■ Substantial evidence does not support the IJ's adverse credibility determination. Although there were discrepancies between Lin's written asylum applications and his testimony regarding his date of entry, given that both of Lin's written applications indicated that he entered the United States in January 2002, the fact that Lin testified that he entered the United States in January 2001 was the type of non-dramatic inconsistency upon which the agency could not rely without first putting the applicant on notice and giving the applicant a chance to reconcile the testimony. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006). Moreover, when questioned by his counsel as to why he filed his

application "after one year of arriving," Lin clearly maintained that it was "not more than a year," which was consistent with the 2002 entry date he had given in his asylum applications. Neither his counsel, the Government, nor the IJ actually questioned Lin as to why his I–589 forms indicated that he arrived in the United States in January 2002 after he testified that he arrived in the United States in January 2001.

■ Additionally, the IJ's finding that Lin "misled" the court as to where he lived "during portions of [the] hearing" was flawed. At the IJ's request, Lin submitted an affidavit clarifying his prior residences and employment history since his arrival in the United States. Notably, this history is consistent with the January 2002 date of entry into the United States. Although Lin did not disclose in his asylum application or in his removal proceedings until requested by the IJ that he worked and temporarily resided in Indiana, these omissions were not relevant to his claim that his wife underwent a forced abortion, and, without more, do not support an adverse credibility finding. *See Secaida–Rosales,* 331 F.3d at 308.

■ Further, Lin's failure to provide details as to his wife's abortion also does not support the IJ's decision. First, Lin's testimony was specific as to the essential facts of his claim, namely that his wife was taken by family planning officials and forced to have an abortion. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005) (finding that IJ's determination that the petitioner's testimony lacked specificity was incorrect as a matter of law since it contained the material facts essential to his claim); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151–52 (2d Cir.2003). Second, neither the IJ nor the government probed for details on this matter. *See Jin Chen,* 426 F.3d at 114 (holding that the record did not support the agency's ad-

verse credibility finding in the absence of additional probing). Third, Lin testified that he did not accompany his wife to the hospital. He would therefore not be expected to have knowledge of the circumstances of his wife's abortion, other than what she told him, which was that she was injected with an anesthetic. Similarly, the IJ's observation that Lin did not explain why his wife remained in the hospital for two weeks following the abortion or why a nurse cared for his son at the hospital during this period does not provide support for an adverse credibility finding. Lin was not asked about his wife's condition, and even if the direct examination of Lin on the issue of a nurse caring for his son could be construed as "probing for details," the inquiry did not yield an inconsistency. *See Jin Shui Qiu,* 329 F.3d at 152.

■ Finally, the IJ's corroboration findings were also problematic. The IJ appropriately gave less weight to Lin's documents because they were not authenticated according to the Code of Federal Regulations. However, the record does not support the IJ's finding that the Profile "makes it clear that documents from China are not reliable." While the Profile notes that documents from certain regions are "subject to widespread fabrication and fraud," it does not declare that *all* documents from China are unreliable. Rather, it states that "no reliable documents existed to prove relationships and that notaries must do field investigations to confirm information in notarial documents." This does not provide a basis to reject all documents submitted by Lin as "not reliable" because they were from China.

In light of the flaws in the IJ's reasoning, we remand Lin's withholding of removal claim because we cannot state with confidence that the same decision would be reached in the absence of these errors. *See Cao He Lin,* 428 F.3d at 395. This

case is also remanded to the extent that Lin's request for CAT relief rested on the same factual premise as his withholding of removal claim. But, because Lin failed to challenge the IJ's denial of his CAT claim with respect to his illegal departure in his petition to this Court, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case RE-MANDED for further proceedings consistent with this decision. The pending motion for a stay of removal in this petition is DENIED as moot.